IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STACIE L. GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:12-cv-01036-TWP-TAB |
| CAROLYN W. COLVIN, Commissioner of ) | |
| the Social Security Administration ) | |
| ) | |
| Defendant.[1] ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Carolyn W. Colvin's, the Commissioner of Social Security Administration ("the Commissioner"), Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained in this Entry, the Commissioner's Motion (Dkt. 13) is **GRANTED**.

**I.    BACKGROUND**

Plaintiff, Stacie L. Grant ("Ms. Grant") applied for Social Security Income and Disability Insurance Benefits, and her application was denied on March 22, 2011 by an Administrative Law Judge. She subsequently requested a review from the Appeals Council, and the Appeals Council denied Ms. Grant's request for review in a Notice of Appeals Council Action dated March 30, 2012 ("the Notice"). On that same date, March 30, 2012, the District Office mailed a copy of the decision to Ms. Grant's listed address and to her representative.

Ms. Grant claims that she never received the Appeals Council's decision and she changed attorneys on May 17, 2012. (Dkt. 15.) Ms. Grant's new attorney contacted the District Office

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted as the Defendant in this suit. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405 (g).

and a copy of the Appeals Council's denial was faxed to Ms. Grant's current attorney on May 29, 2012. On July 27, 2012, Ms. Grant filed a complaint for judicial review and entry of judgment for relief including costs and attorney fees of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits under the Social Security Act, 42 U.S.C. §301, *et seq.* (the "Act"). In response, on November 15, 2012 the Commissioner filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.  LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court must review all well-pleaded allegations in the complaint as true and draw all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). The complaint must state enough "to claim a relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted).

## III.  DISCUSSION

The Social Security Act establishes a remedial structure for persons alleging disability and entitlement to benefits. A plaintiff must receive a final decision from the Commissioner before seeking judicial review of her claim under 42 U.S.C. § 405. In order for a Court to determine whether the claim is consistent with Congress' intent in enacting 42 U.S.C. § 405(g), the claimant must file within sixty days after a mailing of a notice or express clear intention to extend the time period for review. *Bowen v. City of New York*, 476 U.S. 467, 480, 106 S.Ct. 2022 (1986). "The date of receipt of notice of denial of request for review . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

Ms. Grant was denied social security income and disability benefits by an Appeals Council of the Social Security Administration on March 30, 2012. Ms. Grant states that she never received notice of the denial, that she hired a new attorney on May 17, 2012, and he did not receive notice of the Appeals Council's decision until May 29, 2012.

The Commissioner asserts Ms. Grant's civil action is barred by the sixty day limitation specified in § 205(g) of the Social Security Act because Ms. Grant was required to file a civil action on or before June 4, 2012[2] for judicial review of her denial by the Appeals Council. Ms. Grant also failed to request additional time to file from the Appeals Council.

**A.     Ms. Grant's Claim is Barred by a 60 Day Limitation**

As mentioned earlier, the final decision of the Commissioner in this case was issued on March 30, 2012, when the Appeals Council denied Ms. Grant's request for review of the decision of the Administrative Law Judge. The Commissioner provided a declaration stating that on March 30, 2012, the Appeals Council mailed the Notice to Ms. Grant and a copy of the Notice to her first attorney. (Dkt. 13-1 at 3.) As stated in the Notice, Ms. Grant is presumed to have received the Notice five days after the date of such notice, unless a reasonable showing to the contrary is made to the Appeals Council. Dkt. 13-1 at 28; 20 C.F.R. § 422.210(c). Therefore, Ms. Grant was required to file a civil action on or before June 4, 2012, or to have requested an extension of time to file, unless she can rebut the presumption.

The failure to timely file can sometimes be excused, however "a litigant seeking equitable tolling bears the burden of establishing . . . that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, the Commissioner's position is well taken in that Ms. Grant has failed to reasonably show she received the Appeals Council Notice more than five days after the Appeals Council issued its final decision on March

---

[2] Sixty-five calendar days after March 30, 2012 is June 3, 2012, which fell on a Sunday. Therefore, the complaint was due no later than Monday, June 4, 2012.

3

30, 2012.  Ms. Grant's complaint is absent as to the timeliness of the commencement of her lawsuit.  In her Response, she states that she did not receive notice until after she changed attorneys and her new attorney received the Notice via fax on May 29, 2012.  However, a mere statement, without more, is generally insufficient to rebut the presumption.  *Nielson v. Astrue*, No. 10 C 4647, 2011 WL 2214622, *1 (N.D. Ill. June 6, 2011).  Moreover, Ms. Grant's attorney received the Notice on May 29, 2012, or within 65 days of the original date of notice. Yet, Ms. Grant never sought an extension of time or explanation for why she was not promptly notified.

Without more, Ms. Grant has not made a reasonable showing to rebut the presumption. Nor has she established any grounds for equitable tolling.  *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests."); *Boyer v. Astrue*, No. 1:12-cv-274-RLM-RBC, 2012 WL 6084633, *3 (N.D. Ind. Dec. 5, 2012).

## IV.  CONCLUSION

The 60 day limitation constitutes a condition on the waiver of sovereign immunity and must be strictly construed.  *Bowen*, 476 U.S. at 479.  Ms. Grant's complaint for judicial review was not filed within the 60 day time frame.  42 U.S.C. § 405(g).  Accordingly the Commissioner's Motion to Dismiss (Dkt. 13) is **GRANTED**.

**SO ORDERED.**

Date:  06/04/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Patrick H. Mulvany
Patrick@mulvanylaw.com

Thomas E. Kieper
OFFICE OF THE UNITED STATES ATTORNEY
tom.kieper@usdoj.gov